IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| A-Z MANUFACTURING & SALES, CO., INC., | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 07-0293-CV-W-ODS ) |
| EARTHMOVERS, INC., | ) ) |
| Defendant. | ) ) |

### ORDER AND OPINION GRANTING PLAINTIFF'S MOTION TO DISMISS AND DISMISSING DEFENDANT'S COUNTERCLAIM WITHOUT PREJUDICE

Pending is Plaintiff's Motion to Dismiss Defendant's Counterclaim for Failure to State a Cause of Action. (Doc. # 6). For the following reasons, Plaintiff's motion is GRANTED.

### *Background*

Plaintiff A-Z Manufacturing & Sales Co., Inc. ("A-Z") is a Missouri corporation that manufactures parts assemblies for commercial trucks. Earthmovers, Inc. ("EMI") is a Kansas corporation in the business of manufacturing custom trucks for industrial use. A-Z and EMI entered negotiations in early 2006 regarding A-Z producing truck assemblies to be included upon oilfield winch trucks sold by EMI. In November 2006, EMI demanded that A-Z stop production.

Plaintiff filed a lawsuit in the Circuit Court of Jackson County, Missouri, alleging that defendant has failed to pay for parts delivered by Plaintiff to Defendant, and subsequent damages in the amount of $225,548.07.

Defendant timely removed the case to this court based on diversity of citizenship. Defendant has answered and counterclaimed asserting Plaintiff made misrepresentation during the negotiations. Pending is Plaintiff's motion to dismiss the counterclaim for failure to state a claim upon which relief can be granted, or

alternatively, because it fails to satisfy the pleading requirements of Rule 9(b).

## *Analysis*

Defendant has not clearly stated the basis for its counterclaim, but through use of language"misrepresentation and resulting failure", it appears to state a claim for fraud as opposed to a breach of contract, or some other legal theory. Moreover, in its reply to the motion to dismiss the counterclaim, Defendant defended against Plaintiff's arguments regarding Rule 9(b) and did not deny the implicit premise that the counterclaim asserts a claim for fraud.

Plaintiff argues that Defendant has failed to sufficiently allege fraud in accordance with Fed. R. Civ. P. 9 because it has not identified the persons making the allegedly fraudulent statement, the time date and place of the statement, or the precise words of the alleged misrepresentation. Fed. R. Civ. P 9(b) requires that "the circumstances constituting fraud. . . shall be stated with particularity." The Eighth Circuit has held that the requirements of Rule 9(b) must be interpreted

> in harmony with the principles of notice pleading . . . . The special nature of fraud does not necessitate anything other than notice of the claim; it simply necessitates a higher degree of notice, enabling the defendant to respond specifically, at an early stage of the case, to potentially damaging allegations of immoral and criminal conduct. Thus, a plaintiff must specifically allege the circumstances constituting fraud, . . . including such matters as the time, place and contents of false representations, as well as the identity of the person making the misrepresentation and what was obtained or given up thereby.

Abels v. Farmers Commodities Corp, 259 F.3d 910, 920 (8th Cir. 2001) (quotations and citations omitted). Further, when pleading fraud, a plaintiff is precluded from simply making conclusory allegations. Commercial Prop. Invs., Inc. v. Quality Inns Int'l, 61 F.3d 639, 644 (8th Cir.1995).

In reviewing Count I of Defendant's counterclaim, the Court finds that it is not sufficient under Rule 9(b)' s pleading requirements. Defendant states, generally, that Plaintiff "represented to Defendant that it was properly skilled and experienced, employed the appropriate employees and agents, as well as maintained the necessary equipment and supplies to be able to manufacture" the negotiated equipment.

2

Defendant has not identified the content of the particular false statement or statements, named the person making the statement or specified the time and place the statements were made. A summary or description of the alleged misrepresentation is insufficient.

Defendant will be granted leave to file an Amended Answer making its fraud allegation more definite and certain to enable Plaintiff to frame a responsive reply. Therefore, Plaintiff's motion to dismiss Defendant's counterclaim for fraud and misrepresentation is GRANTED and Defendant will be permitted to file an Amended Answer within 20 days from the date of this order.

## *Conclusion*

Based on the discussion above, Plaintiff's Motion to Dismiss Defendant's (1) Counterclaim is GRANTED, and (2) Defendant is permitted to file an amended counterclaim. If the counterclaim asserts a claim for fraud, it must contain the particularity required by Rule 9(b) and Abels v. Farmers Commodities Corp.[1] Defendant shall have twenty (20) days from the date of this order to file an Amended Answer.

IT IS SO ORDERED.

DATE: July 11, 2007　　　　　　　　　　/s/　Ortrie D. Smith
　　　　　　　　　　　　　　　　　　　ORTRIE D. SMITH, JUDGE
　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT COURT

---

[1] Other issues raised by Plaintiff regarding the absence of present intention of fraudulent intent, and representations as puffery, are not acknowledged or dismissed as they may have no bearing once defendant has restated the basis for the counterclaim.

3